**Grace Hall SPIER, Plaintiff**

v.

**Arthur S. FLEMMING, as Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 8001.**

United States District Court
W. D. New York.
June 16, 1960.

Schutrum & Howder, Buffalo, N. Y. (John E. Palmer, Buffalo, N. Y., of counsel), for plaintiff.

Neil R. Farmelo, U. S. Atty., Buffalo, N. Y. (Robert J. Plache, Buffalo, N. Y., of counsel), for defendant.

HENDERSON, District Judge.

This is an action under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review a final decision of the defendant which denied the plaintiff's claim for certain benefits. Both parties have moved for summary judgment under Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A.

The plaintiff's husband died on February 10, 1956. Thereafter, the plaintiff filed an application for benefits for her children pursuant to Title 42, Section 402 (d), dealing with "children's insurance benefits" (which application was approv-

ed), and for herself under Title 42, Section 402(g), dealing with "mother's insurance benefits." Plaintiff's claim for "mother's insurance benefits" was denied by defendant on the ground that she was not "living with" her husband at the time of his death as required by Section 202(g) (1) (F) of the Social Security Act, 42 U.S.C.A. § 402(g) (1) (F).[1] This denial was upheld by a referee of defendant after a hearing, and review of his decision was denied by the Appeals Council.

On October 24, 1955, the deceased left plaintiff's residence on a business trip. He committed suicide on February 10, 1956, in Florida. Subsequent to his departure and prior to his death, the deceased contacted the plaintiff once, by telegram, on November 1, 1955, at which time he informed her he would be coming home in two days. He never did return, however, but rather, on November 6, 1955, went through what purported to be a marriage ceremony with one Alberdena F. Beam in North Carolina, living thereafter with Miss Beam at various places until she left him upon learning of the bigamous nature of their relationship in late January or early February, 1956. Plaintiff, on learning of this alliance from another source in November, 1955, started a divorce suit against the decedent which abated on his death. The only time plaintiff heard from the deceased subsequent to his "marriage" to Miss Beam was a letter she stated he wrote to her in February, 1956, announcing his intention to commit suicide, which she was unable to produce.

The "living with" requirement of section 202(g) (1) (F) was enlarged upon in section 216(h) (2), 42 U.S.C.A. § 416(h) (2), which, at the time under consideration, stated in part:

"* * * [A] widow shall be deemed to have been living with her husband at the time of his death if they were both members of the same household on the date of his death, or she was receiving regular contributions from him toward her support on such date, or he had been ordered by any court to contribute to her support."

The evidence quite clearly shows that plaintiff was not receiving regular contributions from the decedent at the time of his death and that there was no outstanding court order directing him to make such payments. The question remaining is whether decedent was a member of the same household at the time of his death.[2]

The referee concluded from the evidence, particularly the evidence of decedent's bigamous marriage and his subsequent cohabitation with the partner to that marriage, that decedent intended to abandon the plaintiff. He further inferred from plaintiff's testimony and the evidence of the divorce action that plaintiff intended to terminate the marriage after November 6, 1955. He accordingly held that decedent had abandoned his residence with plaintiff prior to his death and was not merely on a temporary sojourn and, therefore, that the requirements of the statute were not met.

1. By amendment enacted on August 30, 1957 (Public Law 85–238), effective as to monthly benefits for subsequent months only, Congress eliminated the requirement that a wage earner's widow must have been "living with" him at the time of his death, as one of the conditions of entitlement to "mother's insurance benefits" (Section 202(g) of the Act, 42 U.S. C.A. § 402(g), supra). This amendment is not applicable to the plaintiff because she is claiming benefits for a period prior to the amendment and because her remarriage in August 1957 would have ter-

minated benefits in any case with the month of July 1957.

2. On this question, defendant's regulations prescribe:
"A husband and wife who customarily lived together in the same place of abode but who were not actually doing so at such time, may nevertheless be members of the same household if they were apart only temporarily and intended to resume living together in the same place of abode." Section 404.1111 of Social Security Administration Regulations No. 4 (20 C.F.R. § 404.1111).

■■ The sole function of this court in reviewing cases such as this is to determine whether the conclusions drawn by the administrative officials are supported by substantial evidence. Social Security Act, § 205(g), 42 U.S.C.A. § 405(g). Walker v. Altmeyer, 2 Cir., 1943, 137 F.2d 531. On the record presented, it cannot be said that the facts found by the referee were not supported by substantial evidence or that the inferences drawn from those facts were not reasonably drawn.

Plaintiff's motion for summary judgment is denied. Defendant's motion for summary judgment is granted, without costs. So ordered.