**Salvatore RINALDI, Plaintiff-Appellant,**

v.

**Abraham RIBICOFF, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 373, Docket 27521.**

United States Court of Appeals Second Circuit.

Argued May 24, 1962.

Decided July 3, 1962.

Arthur Bernknopf, New York City, for plaintiff-appellant.

Eugene R. Anderson, Asst. U. S. Atty., for Southern District of New York, New York City (Robert M. Morgenthau, U. S. Atty., and Arthur S. Olick, Asst. U. S. Atty., So. Dist. of New York, on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, and SMITH and MARSHALL, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

This is an appeal from an order of the United States District Court for the Southern District of New York, Hon. Charles M. Metzner, District Judge, granting defendant's motion for summary judgment in an action instituted under § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review a decision of the Secretary of Health, Education and Welfare denying claimant's application to establish a period of disability pursuant to § 216(i) of the Social Security Act, 42 U.S.C.A. § 416(i), entered November 27, 1961 in the Southern District of New York.[1] We hold that

---

1. Entitlement to disability insurance benefits is not involved since the law in effect when the plaintiff's application was filed limited such benefits to individuals be- tween the ages of 50 and 65 whereas plaintiff was only 47 at the time the application was filed.

the Secretary's finding that appellant is able to engage in substantial gainful employment is supported by substantial evidence and affirm the judgment of the District Court.

In March 1956 plaintiff, employed by the Coca-Cola Bottling Company of New York as a truck driver, injured his back in the course of his employment. He had been employed by this same company in various capacities since 1939. Claimant's occupational experience has been entirely confined to work requiring arduous physical labor and although he completed the eighth grade he has only a very limited ability to read or write. The appellant has not been employed since shortly after the injury and has supported himself on $36 per week, received under the New York Workmen's Compensation laws as having sustained a permanent back injury disabling him from further work as a truck driver, and $200 per month from an accident and health insurance policy, now exhausted.

Appellant's application for the establishment of a period of disability pursuant to § 216(i) was denied on the grounds that the condition was of limited severity. A hearing held on February 4, 1960 resulted in a denial of the application by the Hearing Examiner. The Appeals Council denied claimant's request for further review. Thereafter this action was instituted in the District Court.

The Hearing Examiner concluded that claimant had sustained a herniated intervertebral disc in the lower lumbar spine which results in "limitation of motion," "impairment of strength" and "pain." [2] The examiner held that while claimant obviously could not, as a result of his injury, return to his former employment, or any work requiring heavy manual labor, "claimant's impairments are not so severe as to make him unable to engage in any substantial gainful activity."

The only question before this Court is whether the finding of the Hearing Examiner that appellant is able to engage in substantial gainful employment is "supported by substantial evidence" in which case such finding of fact is conclusive upon this Court under the standards of review prescribed by Section 405(g).

Appellant contends that the Hearing Examiner failed to meet the standards laid down in Pollak v. Ribicoff, 300 F.2d 674 (2 Cir. 1962), and Kerner v. Flemming, 283 F.2d 916, 921 (2 Cir. 1960), in that the evidence relied upon by the Hearing Examiner was primarily conjectural and mere theoretical ability to engage in substantial gainful activity is not sufficient if no reasonable opportunity for such employment exists.

While appellant's major premise concerning the legal test is correct we think that the instant case on its facts is on the other side of the line, which is necessarily indistinct, separating those cases in which such employment is merely theoretical from those with respect to which a reasonable opportunity for such employment exists. Compare Pollak v. Ribicoff, supra, 300 F.2d at 677 and Kerner v. Flemming, supra, 283 F.2d at 921 with Graham v. Ribicoff, 295 F.2d 391 (9 Cir. 1961). See also Varnado v. Flemming, 295 F.2d 693 (5 Cir. 1961).

There is no question that claimant was partially disabled by reason of a "physical * * * impairment which can be expected * * * to be of long-continued or indefinite duration." [3] Nor can there be any doubt that there is substantial medical evidence that plaintiff was physically capable of performing semi-sedentary work which would require little or no training for a new employee with limited intelligence. The Hearing Examiner failed to specify what employment opportunities were available to claimant but cited The Performance

---

2. Pain is itself a disabling factor. Butler v. Flemming, 288 F.2d 591, 595 (5 Cir. 1961).

3. Section 223(c) (2) of the Social Security Act made applicable to the so-called disability freeze by 42 U.S.C.A. § 416(i) (1).

of Physically Impaired Workers in the Manufacturing Industries, Bulletin No. 923, U. S. Department of Labor (1947) and Disability Evaluation Principles of Treatment on Compensable Injuries, by Dr. Earl D. McBride, 667–692 (5 ed. 1953). Notice of such studies was permitted, without objection, in Graham v. Ribicoff, supra, and approved in Pollak v. Ribicoff, supra, 300 F.2d at 678. A chief value of the administrative procedure is the expertise of the examiners and the range of evidence which is permitted to be introduced unhampered by technical rules of evidence.

Contained in the Department of Labor study is a list of 214 jobs at which workers with a back condition such as claimant's were found employed. In the instant case such evidence tends to establish that while petitioner's disability foreclosed his performing arduous physical labor, an extremely wide range of employment opportunities was available to him in spite of his disability. While even a cursory examination of the list discloses petitioner's complete inability, in the light of his mental and physical abilities and training, to be employed in many of the job classifications listed (i. e., Instrument repairman, Aircraft mechanic, Dental assembler, Tool maker) we think it sufficiently demonstrates that a wide range of other employment opportunities is available to him. The study sufficiently answers the serious question raised by the claimant as to his ability to obtain substantial gainful employment. The conclusion of the Hearing Examiner in the instant case is supported by substantial evidence. We do not have here a man unable even to shuffle dominoes required to produce a nationwide list of employment opportunities and required to "go down the list and verbally negative his capacity for each of them or their availability to him as an actual opportunity for employment," Butler v. Flemming, 288 F. 2d 591, at 595 (5 Cir. 1961).

The case at bar is strikingly similar on its facts to Graham v. Ribicoff, supra, which we do not read as establishing a different test than that of Kerner v. Flemming, supra, and is different in degree from Underwood v. Ribicoff, 298 F. 2d 850 (4 Cir. 1962); Roberson v. Ribicoff, 299 F.2d 761 (6 Cir. 1961); Butler v. Flemming, supra, relied upon by appellant.

The decision of the District Court is affirmed.