Edward **DVORAK**, Sr., Appellant,

v.

**Anthony J. CELEBREZZE**, Secretary of
Health, Education and Welfare,
Appellee.

No. 7952.

United States Court of Appeals
Tenth Circuit.

May 18, 1965.

Julian S. Ertz, Albuquerque, N. M., for appellant.

Scott McCarty, Asst. U. S. Atty. (John Quinn, U. S. Atty., with him on the brief), for appellee.

Before PICKETT, BREITENSTEIN, and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The issue is the right of appellant Dvorak to disability benefits under the Social Security Act.[1] His claim, filed in 1958, was heard by an examiner who denied relief. The Appeals Council rejected his request for review. Pursuant to 42 U.S.C. § 405(g) he then sued in federal district court for New Mexico to set aside the administrative decision. The court found that the action of the Secretary was not supported by substantial evidence and remanded the cause for consideration of additional medical evidence and further evaluation. On remand a second hearing was held and the Appeals Council denied the claim. After the return of the cause to the district court summary judgment was entered for the Secretary. This appeal followed.

The general principles which govern our review are stated in Celebrezze v. Bolas, 8 Cir., 316 F.2d 498, and Celebrezze v. Warren, 10 Cir., 339 F.2d 833. They need not be repeated here. The problem presented is the right to relief because of subjective symptoms of pain which are not sustained by objective findings.

The Act defines disability as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration."[2] The test is the capability of the particular claimant—not that of the average man—to engage in substantial gainful activity. Although inability must result from some medically determinable impairment, the emphasis on the individual requires consideration of subjective reactions. These must be appraised, to the extent possible, by medical experts. The administrators of the Act must then evaluate the medical evidence, consider the subjective symptoms, and determine ability to engage in the requisite activity.

The findings of the Secretary based on the record and fair inferences therefrom are binding on the courts.[3] The problem which arises in a case such as that at bar is the difficulty of disproving by evidence a claimant's subjective statement of inability to work because of pain. Nevertheless, the Secretary must make the decision and the courts

1. See 42 U.S.C. § 402 et seq.

2. 42 U.S.C. §§ 416(i) (1) (A) and 423 (c) (2).

3. 42 U.S.C. § 405(g); Gainey v. Flemming, 10 Cir., 279 F.2d 56, 58; and Folsom v. O'Neal, 10 Cir., 250 F.2d 946, 947.

must review the record to find support for his action.

■■ In addition to the over-all complaint of pain, the claimant asserts four physical impairments: convulsions, liver disorder, heart condition, and back injury. Three of these may be disposed of quickly. Thirteen doctors either testified or submitted written reports or did both. No medical evidence sustains the claims of convulsions or liver disorders. Substantial medical evidence supports the Secretary's finding [4] of a mild heart condition which "is not of such severity as to contribute significantly to inability to engage in any useful work."

Claimant's case stands or falls on his claim of pain resulting from his back condition. He injured his back in a construction accident about 1932 and reinjured it in 1955 while lifting a 100-pound sack of flour. The several orthopedists who examined him were in substantial agreement that his freedom of movement is mildly restricted for a man of his years; that in the case of a younger man or of a man of generally better physical condition corrective surgery might be indicated; and that he should not engage in activities which require heavy lifting or heavy exertion. One doctor reported that "the symptoms are all out of proportion to the findings, either clinically or by x-ray"; another testified that "this man has subconscious exaggeration of his overall complaints"; and a third said that "it is rather difficult for me to evaluate his complaints on any objective findings." Two doctors reported that claimant's pain may be the result of "functional overlay," a condition in which physical pain is subconsciously incremented by the patient's emotional state.

■ The Secretary recognized that pain is a subjective complaint which cannot be measured objectively and pointed

out that at the second hearing the claimant, despite the severity of the symptoms alleged, testified that he has had no medical attention for several years and that the only medication which he takes is aspirin or bufferin to ease pain.[5] The record supports the Secretary's finding that the claimant's obesity, caused by oversupply of food, "tends to increase his complaints."

Claimant is 58 years old, received an eighth grade education, and has had vocational experience as a construction laborer, a porcelain furnace tender, a farm worker, and a foreman in a food processing plant. He has no clerical skills. He lives with members of his family, does light housework, and drives an automobile. He testified that he had tried jobs as a gas station attendant and auto salesman but found that he was physically unable to do them. His testimony about his activities was not entirely consistent and the Secretary commented that the variances "may, in fact, reflect seriously on his credibility."

The Secretary reviewed various industrial and governmental studies of the availability of work for a man in claimant's condition [6] and said that such studies "indicate conclusively that there exist in our economy many types of jobs and duties which could be successfully performed by persons with a partial disability, such as has the claimant herein." Particularizing these opportunities to the claimant and his residence in Albuquerque, New Mexico, the Secretary said that "it is reasonable to expect that some suitable employment could be found there, were the claimant motivated to seek it."

Counsel on each side cite many cases in which claims of disability have been either granted or denied. These decisions are of little help because each case

4. The findings herein accredited to the Secretary were actually made by the Appeals Council. See Graham v. Ribicoff, 9 Cir., 295 F.2d 391, 395.

5. Claimant's assertion that he cannot afford medical care must be weighed against medical evidence that he "has no confidence in conservative care."

6. These studies included the two mentioned in Rinaldi v. Ribicoff, 2 Cir., 305 F.2d 548, 549–550, and four others.

must be decided on its particular facts.[7] Reference need be made to only one. In Celebrezze v. Warren, 10 Cir., 339 F.2d 833, we sustained a district court's decision that administrative denial of relief was not supported by substantial evidence. In that case disability was claimed because of migraine headaches and the medical evidence was consistent with such claim. Two experts testified that the headaches were totally disabling. No questions of credibility or motivation were presented. In the case at bar no doctor testified that the back condition and resulting pain were functionally disabling and the record does present questions of credibility and motivation.

 We recognize that the intent of the Act is to ameliorate some of the rigors of life[8] and that the Act must be construed liberally.[9] These principles do not require that disability benefits must be awarded whenever there is a subjective showing that a man cannot work because he hurts. Subjective symptoms must be evaluated with due consideration for credibility, motivation, and medical evidence of impairment. Although the claimant does not have the burden of negativing every possible job opportunity, the administrative agency has only to produce some evidence from which a finding can be made that the claimant can do some type of work. It does not have the duty of finding a specific employer and a specific job.[10]

 After reviewing with painstaking care the entire record, the Secretary held that the claimant had not established disability within the meaning of the Act. The district court agreed and we concur. The Secretary's findings have substantial record support and his inferences are fair and reasonable.

Affirmed.

7. In the two cases presenting facts most analogous to the case at bar, the claims of disability were rejected. See Rinaldi v. Ribicoff, 2 Cir., 305 F.2d 548, and Graham v. Ribicoff, 9 Cir., 295 F.2d 391.

8. See Page v. Celebrezze, 5 Cir., 311 F.2d 757, 762.

9. Kohrs v. Flemming, 8 Cir., 272 F.2d 731, 736.

10. Celebrezze v. Bolas, 8 Cir., 316 F.2d 498, 507.