Aloysius C. GORDON, Plaintiff,

v.

Anthony CELEBREZZE, Secretary of Health, Education, and Welfare of the United States of America, Defendant.

Civ. A. No. W–3300.

United States District Court
D. Kansas.

Aug. 25, 1965.

Smith, Shay, Farmer & Wetta, Wichita, Kan., for plaintiff.

Guy L. Goodwin, Asst. U. S. Atty., Wichita, Kan., for defendant.

WESLEY E. BROWN, District Judge.

This is a proceeding under the Social Security Act, 42 U.S.C.A. § 405(g) for judicial review of a "final decision" of the Secretary of Health, Education and Welfare [Secretary] denying plaintiff's claim for the establishment of a period of disability (disability freeze) and for disability insurance benefits. The decision appealed from was made by a hearing examiner on December 12, 1963 and it became the "final decision" of the Secretary when the Appeals Council of the Social Security Administration denied plaintiff's request for review on October 15, 1964. This matter is currently before the court on defendant's motion for summary judgment filed April 29, 1965 and on plaintiff's motion for summary judgment filed May 28, 1965.

We would first point out that judicial review of final decisions of the Secretary is a defined and limited one. See Campbell v. Flemming, 189 F.Supp. 339 (D.Kan.1960). The findings of the Secretary based on the record and fair inferences drawn therefrom are binding on the courts. 42 U.S.C.A. § 405(g);

Coomes v. Ribicoff, 209 F.Supp. 670 (D. Kan.1962).

And we would state that in our opinion this case does not come under the rule of Celebrezze v. Warren, 339 F.2d 833 (10th Cir. 1964), to the effect that when a claimant's former employment is the only type of work he is capable of performing, then "former work" means "any work" and the requirements of the Act are thus met.[1] There is evidence in the record from which the hearing examiner could find that Gordon's former work was *not* the only type of work he is capable of performing. For example, Dr. Bowman was of the opinion that Gordon was physically able to perform light or sedentary work if motivated to do so. [See Tr., pp. 102–05]. And Mr. Barnabas, a vocational consultant, was of the opinion that Gordon, by physical capabilities, education, training and background, was qualified to perform certain sedentary jobs of an assembly nature and further reported that such jobs are available in the Wichita area. Mr. Barnabas did also state that while Gordon was qualified to perform such available jobs, his chances of getting hired might not be good. [See Tr. 132 and 48–52 (hearing tr. 10–20)].

We are of the opinion that this case is to be reviewed under the guidelines of Dvorak v. Celebreeze, 345 F.2d 894 (10th Cir. 1965). The problem in *Dvorak* and a major problem to review at bar is the difficulty of evaluating claimant's subjective symptoms and statements of inability to work because of back pain. Just as in *Dvorak,* the hearing examiner at bar found that Gordon was not seeing a doctor on a regular basis and the only medication used by Gordon was some pills for pain. [See Tr. 26].

The Tenth Circuit in *Dvorak* stated that "Subjective symptoms must be evaluated with due consideration for credibility, motivation, and medical evidence of impairment." 345 F.2d at 897. We are of the opinion that the hear-

---

[1] The Act provides that a claimant is not "disabled" if he is able to engage in *any* substantial gainful activity.

ing examiner did this at bar. Credibility became an issue before the hearing examiner because of the conflict in evidence concerning the circumstances of Gordon's termination from his last job as hospital orderly. At the hearing, Gordon testified that he could not perform orderly duties due to his back and that he requested the nurse to transfer him to a night shift. Gordon then testified that the nurse informed him if he could not perform the work she would have to replace him—to which Gordon claims to have replied she should replace him because he could not lift food trays or patients. [Tr. 40 (hearing tr. 7)].

The hospital, however, informed the Secretary that

"We know of no reason for Mr. Gordon's terminating. Hospital timekeeper advises me that although Mr. Gordon had back trouble previously, he was not troubled with his back at time of termination." [Tr. 84].

The Secretary also considered motivation in the report of Dr. Bowman [Tr. 102–05], the report of the state division of vocational rehabilitation [Tr. 156–59] and the social study report of the Sedgwick County Welfare Department [Tr. 174–79]. The record, in our opinion, supports the Secretary's findings that Gordon is capable of performing substantial gainful activity in the Wichita area if he were motivated to do so.

Claimant offered letters from several employers in the Wichita area which stated they would not hire anyone with Gordon's claimed back condition. But it must be remembered that the Secretary "has only to produce some evidence from which a finding can be made that the claimant *can do* some type of work. It [Secretary] does not have the duty of finding a specific employer and a specific job." Dvorak v. Celebrezze, 345 F.2d 894, 897 (10th Cir. 1965) (emphasis added).

We have carefully examined the record before us. We are unable to say that the findings of the Secretary are not supported by substantial evidence, and we therefore affirm the findings of the hearing examiner and the decision of the Secretary.

Plaintiff's motion for summary judgment will be denied; defendant's motion for summary judgment will be granted.

Prevailing counsel shall prepare, circulate and submit an appropriate order.