**Cornelius HARRINGTON, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

**No. 64 Civ. 3282.**

United States District Court
S. D. New York.

Nov. 23, 1966.

Leonard Bailin, New York City, for plaintiff.

U. S. Atty., Robert M. Morgenthau, Dawnald R. Henderson, New York City, of counsel, for defendant.

CANNELLA, District Judge.

Motion by the defendant pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, for an order granting summary judgment, is granted. The cross motion by the plaintiff for the same relief, is denied. The court affirms the decision of the Secretary.

The plaintiff, Cornelius P. Harrington, instituted this action under 42 U.S.C. § 405(g) [1] to review the adverse decision

1. The section provides in pertinent part: "Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain review of such decision by a civil action * * *.

of the Secretary of Health, Education and Welfare on the plaintiff's claim for disability benefits under the Social Security Act. The plaintiff maintains that he is disabled within the meaning of 42 U.S.C. § 416(i) (1)[2] and as such is entitled to disability benefits.

The plaintiff was born on June 29, 1906. He graduated from elementary school and attended high school for two years. After approximately nine years of employment with the New York Central Railroad, first as a plumber's helper and later as a signal man, the plaintiff, in 1931, joined the New York City Fire Department. On January 2, 1963, he suffered a heart attack and was hospitalized until January 31, 1963. Immediately prior to plaintiff's misfortune, he was a battalion chief in charge of 160 men, at a salary of $13,500 per annum. On April 22, 1963, the plaintiff returned to work, but in a "limited service" capacity. His function consisted of supervising the drafting of certain departmental regulations. After a month, the plaintiff voluntarily left the job claiming that he was incapable of riding the subway during rush hours without experiencing chest pains and shortness of breath. On August 30, 1963, the plaintiff was permanently retired for a service incurred disability, with a pension of $12,000 per annum.

■ The claimant filed an application for disability insurance benefits on June 13, 1963. The application was denied and plaintiff thereupon requested a hearing, which was conducted on March 11 and May 6, 1964. By decision filed on June 30, 1964, the examiner held that the claimant was not entitled to disability benefits. On September 3, 1964 the Appeals Council of the Social Security Administration refused to review the examiner's decision. The claimant having exhausted his administrative remedies[3] instituted a civil action in this court pursuant to 42 U.S.C. § 405(g) to review the determination. In an opinion dated August 3, 1965 this court found that there was substantial evidence to support the Secretary's determination that the claimant could do clerical and other sedentary work, but remanded the case for a determination of employment opportunities available to a man of the claimant's skills and limitations.[4]

A subsequent hearing on this issue followed on March 28 and April 26, 1966. The recommended decision of the hearing examiner was again adverse to the claim of the plaintiff and this decision was affirmed on June 30, 1966 by the Appeals Council of the Social Security Administration. The plaintiff having exhausted his administrative remedies[5] the case is again on review before this court pursuant to 42 U.S.C. § 405(g).

■ The law is clear that the Secretary's findings of fact, if supported by substantial evidence, are binding on a

---

Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides."

2. The section provides in pertinent part: " * * * the term disability means * * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration."

3. When the Appeals Council of the Social Security Administration refuses to review the decision of the hearing examiner, the hearing examiner's findings become the Secretary's final decision and

is the proper subject to be reviewed by the Federal District Court. Odom v. Celebrezze, 230 F.Supp. 732 (D.C.S.C. 1964).

4. The decision of the court was based on the test of disability laid down in Kerner v. Flemming, 2 Cir., 283 F.2d 916, 921.

5. A decision of the Appeals Council of the Social Security Administration affirming a hearing examiner's decision that the applicant was not entitled to benefits was a "final decision of the Secretary" for the purposes of the section authorizing judicial review of such final decisions. Livingstone v. Folsom, 234 F.2d 75 (3rd Cir. 1956).

reviewing court.[6] Therefore, the sole function of this court is to examine the record and determine if the evidence presented could reasonably lead to the Secretary's conclusion that the plaintiff is not disabled within the meaning of the Act.[7]

■ The test of disability within the meaning of the statute has been held to involve two issues: " * * * what can applicant do, and what employment opportunities are there for a man who can do only what applicant can do?" Kerner v. Flemming, 283 F.2d 916, 921 (2d Cir. 1960). Since the first of these issues has already been determined [8] the only issue on remand was a determination of the employment opportunities available to a man with the plaintiff's skills and limitations.

■ Further, it is clear that the claimant has the burden of proving his right to disability benefits. Kerner v. Flemming, supra.[9] This burden is satisfactorily met when he offers evidence of such incapacity that he is no longer capable of meeting the demands of his prior employment and that his background, as a practical matter, apparently precludes him from securing other employment. Domann v. Secretary of Health, Education and Welfare, 220 F.Supp. 252 (W.D.Mo.1963); Edwards v. Celebrezze, 220 F.Supp. 79 (W.D.S.C. 1963). Once the plaintiff has met his burden, a determination by the Secretary that he is not disabled within the meaning of the statute must be supported by substantial evidence of the fact that there are employment opportunities available for a man with the plaintiff's skills and limitations. Kerner v. Flemming, supra; Meola v. Ribicoff, 207 F.Supp. 658 (S.D. N.Y.1962). Further, it has been held that such a determination by the Secretary must be accompanied by a specification of the types of employment opportunities actually available to him because a "mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available." Kerner v. Flemming, supra.[10]

The first witness at the hearing on this issue was Dr. Messeloff who had examined the plaintiff and made a report. He testified that the claimant has a II B heart [11] which is almost completely compensated.[12] His testimony conflicted in part with the testimony in the original hearing of Dr. Elias who testified that claimant had a III D heart and Dr. Masters who testified that claimant had a II C heart. However, all of the doctors agreed that the claimant could do clerical and other sedentary work [13] and Dr. Messeloff testified that the claimant could travel in any type of weather.[14]

The next witness was Dr. Fishman, an expert in vocational rehabilitation, who referring to the Dictionary of Occupational Titles [15] and the United States census for 1960, testified to the numerical amount of opportunities of employment available to a man with the skills and

6. 42 U.S.C. § 405(g); Hobby v. Hodges, 215 F.2d 754 (10th Cir. 1954); Walker v. Altmeyer, 137 F.2d 531 (2d Cir. 1943).

7. Spier v. Flemming, 186 F.Supp. 614 (W.D.N.Y.1960); Julian v. Folsom, 160 F.Supp. 747 (S.D.N.Y.1958).

8. This court in its opinion dated August 3, 1965 found the decision of the Secretary, that the claimant could do clerical and other sedentary work, to be supported by substantial evidence.

9. See also: Thomas v. Celebrezze, 331 F. 2d 541 (4th Cir. 1964); Nettles v. Celebrezze, 228 F.Supp. 17 (E.D.S.C.1964).

10. See also: Ber v. Celebrezze, 332 F.2d 293 (2d Cir. 1964).

11. See TR 502—The Classification of Patients with Dieases of the Heart.

12. HR 383–385

13. TR 383–384

14. TR 397

15. Administrative notice and testimony from such official compilations has been held to be substantial evidence supporting the determination of the Secretary. Rinaldi v. Ribicoff, 305 F.2d 548 (2d Cir. 1962).

limitations in each of the heart classifications mentioned by the three doctors.[16] He also testified to general numbers of employment opportunities available to claimant in convenient locations.[17] Further, he specified that there are employment opportunities available to a man of claimant's skills and limitations, as a file clerk, telephone solicitor, information clerk and I.B.M. programmer.[18]

The plaintiff called only two witnesses on his behalf. Mr. Rudick, an employment interviewer with the New York State Employment Service, testified from records that the claimant had come to the office to apply for a job and had not been sent out on an interview. He further testified that he did not know why the claimant had not been sent out to a job.[19]

Miss Brill, the operator of an employment agency was the plaintiff's second witness. She testified that she would be unable to find a position for a man with the plaintiff's qualifications because her clients require a high school education and a rigid physical examination.[20]

■ Based upon all of the testimony in the transcript and the credible evidence presented to it, this court finds that the decision of the Secretary of Health, Education and Welfare is supported by substantial evidence and is therefore binding on this court. The hardship here seems to lie more in the claimant's inability to find employment, than in his incapacity to work. Despite its natural sympathy for the claimant's plight, the court cannot order unemployment compensation under the guise of disability insurance.

This court affirms the findings and determination of the Secretary of Health, Education and Welfare in this case.

So ordered.

16. TR 431–435

17. TR 438

18. TR 442 and TR 444