Clara A. CARLSON, Plaintiff,

v.

SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE, Defendant.

No. 7910.

United States District Court
W. D. Washington, N. D.

Nov. 28, 1969.

William B. Christie, Delbridge, Chris-
tie & Thompson, Seattle, Wash., for
plaintiff.

Eugene G. Cushing, U. S. Atty., Wil-
liam H. Rubidge, Asst. U. S. Atty., Seat-
tle, Wash., for defendant.

## MEMORANDUM ORDER

BEEKS, District Judge.

This is an action for review of a de-
cision of the Secretary of Health, Edu-
cation and Welfare, disallowing plain-
tiff's application for parent's insurance
benefits under the Social Security Act,
42 U.S.C. Sec. 402(h). Both plaintiff
and defendant have filed motions for
summary judgment. The facts are
largely undisputed.

Plaintiff married her husband
in 1937. Thereafter, plaintiff's husband
was injured and thereby rendered men-
tally ill. He was unable to support plain-
tiff. Plaintiff's son, the wage earner,
was supporting both plaintiff and her
husband. The son died in 1951 entitling
plaintiff to parent's benefits when she
reached age 65 (since changed to age

62). On May 1, 1961 plaintiff obtained a divorce from her husband because she was afraid he would harm her. On September 18th, 1961 they were remarried.[1] During the short period of the divorce[2] plaintiff continued to care for her husband. At all times, prior to divorce, during the period of divorce, and after remarriage, the relationship between these people never changed. Plaintiff remarried her husband because his doctor advised her that he needed care, and because she believed that her religion compelled her to care for him. Her application for parent's benefits was denied because she had married since the wage earner's death.

Under 42 U.S.C. Sec. 402(h) a parent of an individual who died fully insured is entitled to parent's insurance benefits if, *inter alia,* such parent "has not married since such individual's death." The prohibitory term, "married," implies a change in the parent's status. Since the Act is intended to provide needed support the only rational explanation for this exclusionary provision is that a parent who marries would thus receive entitlement to support from the new spouse, or the financial situation would change. It is such a change in the applicant's support status which the term "married" seemingly contemplates.[3]

In this case there was no change in the financial status of plaintiff upon her remarriage, since the actual relationship never changed. Clearly, this situation was not contemplated by the terms of the Act. Because of the remedial nature of this chapter it is to be construed liberally. Gardner v. Brian, 369 F.2d 443 (10th Cir. 1966); Dvorak v. Celebrezze, 345 F.2d 894 (10th Cir. 1965). To sustain the disallowance would not fulfill the laudable purposes of the Act.

The Secretary was undoubtedly correct on a literal reading of the Act but when the purpose of the Act is considered I cannot agree with his view. Therefore, the decision must be remanded to the Secretary of Health, Education and Welfare for further proceedings in accordance herewith. Plaintiff's counsel shall prepare a Judgment, under F.R.Civ.P. 58, in accordance herewith and submit the same within fifteen days of the date hereof, giving ten days notice to defendant. So ordered.

---

1. Plaintiff, a Jehovah's Witness, realized that her religion prohibited her from marrying anyone else, but that she could remarry her husband.

2. Four months and 18 days.

3. Both parties have been requested to research the legislative history of the

provision of the Act here in issue. Neither has been able to find any relevant material.

In somewhat analogous situations the Courts have had to construe the term "remarriage," see 85 A.L.R.2d 242, but in none of these cases did claimant remarry a previous spouse.