Vaud A. TRAVIS, Appellee,

v.

Elliot L. RICHARDSON, Secretary of
Health, Education and Welfare,
Appellant.

No. 123–70.

United States Court of Appeals,
Tenth Circuit.

Nov. 17, 1970.

J. F. Bishop, Atty., Dept. of Justice,
Washington, D. C. (William D. Ruckels-
haus, Asst. Atty. Gen., Richard A. Pyle,
U. S. Atty., and Morton Hollander, Atty.,
Dept. of Justice, with him on the brief),
for appellant.

William D. Lunn, Muskogee, Okl.
(Andrew C. Wilcoxen, Muskogee, Okl.,
with him on the brief), for appellee.

Before PICKETT, HILL and SETH,
Circuit Judges.

SETH, Circuit Judge.

This action was brought initially by
the appellee to review a decision by the
Secretary of Health, Education and Wel-
fare which applied deductions against
his benefits for the years 1963, 1964, and
1965. The case was subsequently ap-
pealed to this court. The judgment of
the trial court was there reversed and
the case remanded for further determina-
tion of the facts. Gardner v. Travis,
387 F.2d 508 (10th Cir.). Upon remand,
the district court further remanded it
for additional administrative hearings

which were duly held. The case came back for further review by the district court, and it held that the administrative determination was in error and that the claimant was entitled to the benefits claimed. The Government has taken this appeal.

The facts are fully set out in the previous opinion and it is not necessary to repeat them here, other than to state that the claimant, a retired university professor, entered into an agreement with a Canadian corporation to act as a management consultant. The employment agreement initially was for the period from September 1, 1961, to August 1, 1965, and was later extended. The corporation, Riley's Reproductions, Inc., paid the claimant $600.00 per month initially, and later increased the compensation.

In our first consideration of the case, we disposed of several legal issues leaving only to be determined the question of whether or not the claimant was doing "work" for Riley's while he was at his residence in Oklahoma, and not in Canada. As we said in the previous opinion, " * * * if the claimant is over age sixty-five, benefit deductions are not warranted during any month in which the claimant did not work for his employer, even though in excess of $125 is received. The doing of any work whatsoever during such a month, however, will compel benefit deductions for the month." Thus the question on remand, and now again before us, is whether claimant did any work for Riley's during the months he did not travel to Canada to perform his duties.

The record shows that during the years in question, up to and including the first five months of 1967, claimant was actually outside the United States and performing work at the various places of business of his Canadian employer, on seven or more calendar days, during twenty-one of these months. On these visits he would meet with the management of the corporation, would train employees and officers, and would conduct seminars. During the remaining thirty-odd months during the period in question, the claimant was in the United States, and for the most part at his home in Oklahoma. The claimant asserts no claim for benefits for the twenty-one months when he performed duties in Canada, but the issue concerns the months while he was in the United States.

As indicated in the previous opinion, there was evidence at the initial hearing that while in Oklahoma, claimant engaged in research relating to his specialty, and that some of this research pertained to his duties with Riley's. This testimony consisted of a letter from the claimant which indicated that about five per cent of his research time was spent in order for him to better perform his duties for Riley's. He further stated at the initial hearing that the work at his home was to familiarize himself with problems that arise in industries generally and to keep him better informed as to current developments in his field. There was testimony given at the initial hearing wherein the claimant made a rough estimate as to the number of communications by telephone and letter with his Canadian employer while the claimant was in his home in Oklahoma.

At the second hearing following the remand, the claimant testified in some detail as to the nature of the research work he conducted in Oklahoma and stated that this work was for his general information and to maintain his skills and really had no direct application to the work which he was employed to do at Riley's. At the second hearing he further gave exact information as to the correspondence with Riley's, and this proved to be minimal.

The hearing examiner upon remand made a finding that during the months while claimant was in the United States, he "worked for and rendered substantial services for his Canadian employer, all of which was pursuant to and in furtherance of that employment." The trial court reviewed the record of the remand hearing; found that the administrative decisions were in error, and that the findings of the examiner, adopted by the Secretary of Health, Education and Welfare, were not supported by substan-

tial evidence. The trial court found instead that there was no evidence that Dr. Travis did any work for Riley's while in Oklahoma.

The standard for review of decisions of administrative officials is stated in the Act, 42 U.S.C.A. § 405(g), and in Gardner v. Bishop, 362 F.2d 917 (10th Cir.):

" * * * The findings of fact of the Secretary and the inferences drawn therefrom are not to be disturbed by a reviewing court if there is substantial evidence to support them. Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' The Supreme Court has also said ' * * * it must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.' "

See also Gardner v. Hall, 366 F.2d 132 (10th Cir.); Dvorak v. Celebrezze, 345 F.2d 894 (10th Cir.), and Celebrezze v. Warren, 339 F.2d 833 (10th Cir.).

It is apparent that in any litigation portions of the evidence or record may be selected which taken together will make a favorable case for one side or the other, and administrative hearings are certainly no exception. Thus as stated in Gardner v. Bishop, supra, the court must examine the record as a whole if it is to properly make a determination as to whether substantial evidence exists. Also as admonished by the Supreme Court in the oft-quoted paragraph from Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456, the courts are not to abdicate their traditional functions in reviews of administrative determinations. The agencies must likewise have given a balanced consideration to all the testimony on each particular issue presented, and if this is not done the failure will be apparent on application of the substantial evidence test.

■ Guided by the authorities referred to above, and after a consideration of the entire record, both of the original hearing and of the supplemental hearing, we must find that there is substantial evidence to support the decision by the Secretary.

As to the specific work issue as it was narrowed by our previous decision, the record contains the testimony of the claimant relating to his research work performed in Oklahoma, and his testimony as to how this work related to the performance of his duties for Riley's. His testimony at the second hearing indicated that the research was more general than he indicated before, but nevertheless constitutes evidence of "work." Furthermore, and independently, we have before us his long term employment contract which expressly engaged him upon a full-time basis, and provided for payment of a monthly salary throughout the calendar years together with whatever fringe benefits are afforded to the other employees of the corporation. There is testimony that the claimant was not expected to work full-time on his duties, but the contract is written on the basis that he will devote whatever may be his working time for the benefit of Riley's. This testimony shows he was not expected to work any particular hours each month as he was expected to avail himself to some extent of his retirement status from the university where he had previously taught. Nevertheless, there was clearly established an employer-employee relationship under his contract which indicates that he would "work" exclusively for Riley's. See Social Security Board v. Nierotko, 327 U.S. 358, 66 S.Ct. 637, 90 L.Ed. 718. The record does not show that the claimant received other regular salary or wages for his professional work from any other source.

The evaluation of the testimony and the findings of fact are for the administrative agency to make, based upon the entire evidence before it. Although a court might not reach the same result were it to make the decision originally, if the decision is supported by substantial evidence, it must be upheld. This decision by the Secretary is so supported, and the order and judgment of the district court is reversed.