Anthony PUCCI, Plaintiff,

v.

Elliot RICHARDSON, Secretary, Department of Health, Education and Welfare of the United States, Defendant.

No. 72 Civ. 2914.

United States District Court,
S. D. New York.

Dec. 26, 1973.

Ronald Podolsky, New York City, for plaintiff.

Paul J. Curran, U. S. Atty., S. D. New York, New York City, for defendant; Naomi L. Reice, Asst. U. S. Atty., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff commenced this action pursuant to section 205(g) of the Social Security Act[1] for judicial review of a final determination by the defendant (hereafter Secretary) denying plaintiff's application for disability benefits. The matter is before the court on defendant's motion pursuant to the aforesaid section for an order affirming his decision based upon a transcript of the record.

Plaintiff, who was a patrolman in the New York City Police Department, sustained a back injury on July 9, 1969 while engaged in making an arrest. After a period of hospitalization he was found incapacitated to perform his duties and in April 1971 was retired from the Police Department on a disability pension. Previously, on August 17, 1970, he filed an application with the Social Security Administration for disability insurance benefits, which was denied on April 2, 1971. Plaintiff then requested reconsideration of his claim, and on June 10, 1971, the determination denying his application was affirmed because his impairment was not so severe as to prevent him from engaging in any substantial gainful activity.[2] Thereafter, pursuant to plaintiff's request, a de novo hearing was conducted by a hearing examiner before whom plaintiff, represented by an attorney, appeared and testified, as did his wife and two government designated advisers[3]—a professor of neurology and a vocational expert. Also received in evidence were the medical reports of plaintiff's two doctors, his hospital record and an evaluation by a consulting psychiatrist. The hearing examiner rendered a decision on February 16, 1972, rejecting plaintiff's claim for benefits; the decision became the final decision of the Secretary when it was approved by the Appeals Council on May 12, 1972. Thereafter plaintiff commenced this action, seeking judicial review of the final decision of the Secretary.

The essential medical and attendant facts are not in serious dispute; what is challenged upon this review is the substance of the finding by the hearing examiner that plaintiff is able to "engage in any substantial gainful activity" as defined by the statute.

---

1. 42 U.S.C. § 405(g) (1970).

2. 42 U.S.C. § 423 (1970) reads in pertinent part:

   "(d)(1) The term 'disability' means—

   (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical . . . impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months; . . . .

   .      .      .      .      .

   (2) For purposes of paragraph (1)(A)—

   (A) an individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . . ."

3. As to the use of such advisers, see Richardson v. Perales, 402 U.S. 389, 408, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971).

Plaintiff, as a result of an injury sustained while in military service during the Korean war, suffered a herniated disc that was removed in 1958 through a laminectomy, with good results. In the succeeding eleven years, until July 1969, he engaged in strenuous activities in the performance of his duties as a police officer. On July 9, 1969, he sustained another herniated disc injury. All doctors, plaintiff's and the impartial medical experts, are in accord that plaintiff was unable to continue in his duties as a police officer; in fact, as noted, he has been retired from the police force because of such disability.

Thus, the essential issue presented before the examiner was whether plaintiff's impairments "are of such severity that he . . . cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." The hearing examiner found he could, and this court, upon a "searching investigation of the record,"[4] concludes that substantial evidence supports that and other significant findings, and accordingly they are conclusive under the review standards prescribed by the Act.[5]

The evidence establishes that the herniated disc injury has resulted in weakness of the muscles of plaintiff's right leg; that there is instability of his right ankle and a degree of gait impairment; that the gait impairment is remitted through the use of a back brace and the ankle instability is improved through the use of a molded ankle support. Plaintiff can dress himself with the exception of putting on his brace and shoes, with which his wife helps him. The evidence further establishes that whether plaintiff wears a brace or not, he can sit one and a half to two hours at a time; that he can get up and walk around; that he can walk two or three blocks; and that he can stand for periods of one-half hour without discomfort or pain. He has a chauffeur-operator's license which contains no restriction against driving;[6] he drives his car occasionally, but only short distances to and from his home. As to pain, the medical reports of the doctors who treated plaintiff differ somewhat—one said he was free from pain most of the time. While there is evidence that plaintiff experiences periodic pain in both legs, there is no evidence that he is in continual pain. Plaintiff takes medication only about once a month to relieve his pain.

The impartial medical expert, upon evaluation of all the pertinent medical evidence, was of the opinion that plaintiff could easily shift to another type of activity; that he was capable of doing desk or sedentary work; that he could drive light automotive equipment; that such pain as he experienced did not prevent him from travelling by different modes of transportation to and from a place of employment; that his impairment did not prevent him from engaging in substantial and gainful activity.

A consultant in psychiatry likewise was of the view that although plaintiff no longer could function as a policeman, he "would be able to undertake many other activities in which only light physical effort is required." The vocational expert, testifying upon a hypothetical basis and considering age, education and work experience, and taking into account plaintiff's impairments, was of the opinion that he could perform service in a variety of occupations, such as account clerk; doorman; guard; elevator operator; insurance claim adjuster; bank messenger; mail clerk; taxi driver; security coordinator; and further, that

4. *Cf.* Flack v. Cohen, 413 F.2d 278, 280 (4th Cir. 1969) ; Miracle v. Celebrezze, 351 F.2d 361, 383 (6th Cir. 1965).

5. 42 U.S.C. § 405(g) (1970). *See also* Rinaldi v. Ribicoff, 305 F.2d 548, 549–550 (2d Cir. 1962) ; Kerner v. Flemming, 283 F.2d 916, 921 (2d Cir. 1962).

6. The license expired on August 31, 1972. The hearing before the examiner was conducted in December 1971. The record does not indicate whether the license was renewed upon its expiration.

such jobs, which would not require retraining of a person with plaintiff's background, education and work experience, exist in substantial numbers within a thirty mile radius of the area within which plaintiff resides. The foregoing compelling evidence is underscored by the view of plaintiff's attending physician that he is capable of doing sedentary work if he is able to periodically get up and move about.

The plaintiff, to overcome the force of this evidence, urges that his condition comes within the listing of impairments set forth in the regulations promulgated by the Department which provide "medical considerations alone . . . can . . . justify a finding that the individual is under a disability where his impairment is one that meets the duration requirement . . . and is listed in the appendix to this subpart [subpart P]."[7] The listing of impairments includes:

"1.07 *Nerve root compression syndrome (due to any cause).* With:

A. Pain and motion limitation in back or neck; and

B. Cervical or lumbar nerve root compression as evidenced by appropriate radicular distribution of sensory, motor, and reflex abnormalities."[8]

■ Based on the foregoing, plaintiff contends that he has made out a prima facie case of disability within the meaning of the law. The hearing examiner found that the medical evidence did not reveal the same attendant medical findings with respect to plaintiff's impairment as are recited in the list of impairments in the regulations. This finding is supported by substantial evidence.[9] While it is true the medical adviser testified that plaintiff's impairment fit the definition listed in the appendix, he also testified that plaintiff was able to carry on sedentary activities. The determination of whether the evidence established the essentials of the listed impairment within the meaning of the regulation was for the hearing examiner.[10] Whether, for example, the "pain or motion" condition of plaintiff was so pervasive as to come within the listed impairment was for his determination. Moreover, assuming that plaintiff did fully come within the impairment description, this does not end the inquiry. The mere existence of a medically determinable impairment, whether or not it is one of those listed in the appendix, does not automatically carry the day for plaintiff so that he is thereby entitled to disability payments.[11] The regulations upon which plaintiff relies provide only that evidence of a listed impairment "can . . . justify" a finding of disability,[12] not that such a finding is compelled. The additional element still must be found that the impairment results in "inability to engage in any substantial gainful activity." Here there was no real issue as to impairment, whether listed or otherwise; the basic issue was whether that impairment was of such severity that plaintiff was unable to engage in any substantial gainful work. The examiner, based upon the totality of medical testimony, including that of the listing, found that plaintiff's back impairment "did not prevent him from functioning in light sedentary work commensurate with his age, education and vocational background." The finding is supported by

7. 20 C.F.R. § 404.1502(a) (1973).

8. 20 C.F.R. Subpart P (§§ 404.1501–1539), Appendix § 1.07 (1973).

9. 42 U.S.C. § 405(g) (1970).

10. *Cf.* 20 C.F.R. § 404.1526 (1973); Richardson v. Perales, 402 U.S. 389, 414, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971) (Douglas, J., dissenting).

11. *Cf.* Celebrezze v. O'Brient, 323 F.2d 989, 992 (5th Cir. 1963); Gotshaw v. Ribicoff, 307 F.2d 840, 844 (4th Cir. 1962), cert. denied, Heath v. Celebrezze, 372 U.S. 945, 83 S.Ct. 938, 9 L.Ed.2d 970 (1963).

12. 20 C.F.R. § 404.1502(a); § 404.1506(a) (1973).

substantial evidence which "a reasonable mind might accept as adequate . . . ."[13]

The motion of the defendant to affirm his decision rejecting the claim of the plaintiff is granted.

13. Consolidated Edison Co. v. NLRB, 305 U. S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938). *See also* Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).