**Max SANTANA, Plaintiff,**

v.

**SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES of the United States, Defendant.**

**No. 96–CV–873C(SC).**

United States District Court,
W.D. New York.

July 9, 1998.

Max Santana, pro se.

Denise E. O'Donnell, United States Attorney (Jane B. Wolfe, Assistant United States Attorney, of counsel), Buffalo, New York, for defendant.

### DECISION and ORDER

CURTIN, District Judge.

Before the court is the government's motion to alter the judgment pursuant to Rule

59(e) of the Federal Rules of Civil Procedure (Item 18). The government argues that the court erred because: (1) the ALJ's decision was supported by substantial evidence; (2) it is not relevant that the plaintiff turned 50 before the Appeals Council issued its decision; and (3) the proper course is for plaintiff to re-file a new application for benefits.

In ruling, the court notes that this case is compounded by a number of factors. First, plaintiff is *pro se*. Plaintiff has been attempting to procure his benefits for more than four years, the last one and one-half years without an attorney. An attorney would have advised plaintiff to re-file an application for benefits once he turned fifty. It is clear that the Social Security Administration's own grids would have directed a finding of "disabled."

Second, plaintiff's loss of his left eye is a non-exertional work limitation which means that the Medical–Vocational Guidelines (the "grids") are only to be used as a framework for determining disability and are not to be rigidly applied. 20 C.F.R. Pt. 404, Subpt. P., App. 2, sec. 200.00(e)(2). Since plaintiff was 49 at the time of the ALJ hearing, the ALJ applied Rule 201.18 and found plaintiff "not disabled." However, the only grid factor which directed a finding of "not disabled" was plaintiff's age of 49. Once plaintiff turned 50, Rule 201.09 directs a finding of "disabled." If plaintiff would have re-filed after his fiftieth birthday, it is clear that he would have been found disabled.

Third, plaintiff's treating physician, who examined plaintiff in July 1995 after the ALJ's decision, checked a box which said that plaintiff could perform sedentary work but then also checked a box which said that plaintiff is unemployable for 12–24 months (the physician was only supposed to check one box or the other, not both). This is significant because a person is disabled when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Finally, plaintiff was 49 years old at the ALJ hearing and is now 52. The court is mindful that " 'the purpose of the Social Security Act is to ameliorate some of the rigors of life for those who are disabled or impoverished.' " *Hatfield v. Apfel,* 1998 WL 160995, at *4 (D.Kan. Mar. 3, 1998) (quoting *Dvorak v. Celebrezze,* 345 F.2d 894, 897 (10th Cir. 1965)). Accordingly, fairness and justice compel that plaintiff be deemed disabled as of May 23, 1996, his fiftieth birthday. This case is hereby remanded to the Commissioner for calculation of benefits consistent with this decision.

So ordered.