**Rosita COLON COLON, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,
Defendant.**

**Civ. No. 90–1758(PG).**

United States District Court,
D. Puerto Rico.

April 21, 1992.

Nydia González Ortiz, Puerto Rico Legal Services, Cayey, P.R., for plaintiff.

José Vázquez García, Asst. U.S. Atty., Hato Rey, P.R., for defendant.

OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

Rosita Colón, plaintiff, brought this action pursuant to section 205(g) of the Social Security Act, as amended, ("the Act"), 42 U.S.C. § 405(g), to obtain a judicial review of a final decision of the Secretary of Health and Human Services ("the Secretary") denying her claim for disability insurance benefits.

Plaintiff was born on January 29, 1936, in Orocovis, Puerto Rico (Tr. 59). She was 33 years of age at the time of her disability and 35 years of age when her insured status expired, having an eighth-grade education at such time (Tr. 87). She worked in the tobacco industry sorting tobacco leaves according to size and in a hair net factory placing hair nets according to size and color (Tr. 12). She has not worked since 1966 (Tr. 137).

The matter is before the Court on the United States Magistrate's report and recommendation filed on March 18, 1991, and defendant's objection thereto. The magistrate recommends that the decision of administrative law judge Gautier (the "ALJ") granting plaintiff a period of disability from July 2, 1966, to July 3, 1967, should stand and that the Appeals Council's decision of March 29, 1990, denying such benefits should be vacated.

The Appeals Council's order remanded this case for a reevaluation of the claimant's mental condition under the new mental impairment regulations (Tr. 242–243), Pub.L. No. 98–460. On December 29, 1989, the ALJ found that the claimant was entitled to a period of disability from July 2, 1966, to July 3, 1967, and to disability insurance benefits based on the application filed on July 24, 1986. The ALJ also found that plaintiff was not disabled from July 3, 1967, through March 31, 1968, the date her insured status expired.

The Appeals Council reviewed the aforementioned ALJ's decision on its own motion and on March 29, 1990, found plaintiff entitled to a period of disability from July 2, 1966, to July 3, 1967, based on her application filed in July 24, 1986 (Tr. 4–5). However, the Appeals Council noted that to be entitled to a period of disability and disability insurance benefits, the application must be filed no later than 12 months after the period of disability ended. 20 C.F.R. §§ 404.315 and 404.320(b)(3). The Appeals Council understands that the application

was filed on July 24, 1986, therefore not filed on time. On the other hand, both plaintiff and the U.S. Magistrate believe that plaintiff's first application was filed on time (April 23, 1969). Their assertion is based on the provision of the Social Security regulation, section 404.320(b)(3), which reads: "If you were unable to apply within the 12–month period after your period of disability ended because of a physical or mental condition as described in section 404.322, you may apply not more than 36 months after the month your disability ended".

The ALJ's decision which the magistrate followed concluded that after July 3, 1967, and through March 31, 1968, the claimant could perform unskilled work at all exertional levels, including her past relevant jobs.[1] Also, the ALJ found that plaintiff was disabled under the Act from July 2, 1966, through July 3, 1967, but *not thereafter* (Tr. 12).

Social Security regulations provide that a claimant is entitled to a period of disability if [she] files for benefits while [she] is disabled or no later than 12 months after this period of disability expires. *See* 20 C.F.R. § 404.320(b)(3). Plaintiff filed the first of her four applications for disability insurance benefits on April 23, 1969, twenty-one months after her period of disability ended in July 3, 1967. The twelve-month application deadline may be extended to 36 months where the claimant's failure to apply within the twelve-month period was due because of a "physical or mental condition as described in section 404.322...." 42 U.S.C. § 416(i)(2)(F)(i). *See Tingus v. Heckler*, 569 F.Supp. 1499, 1501 (D.Mass. 1983). The "failure to apply within the 12–month time period will be considered due to a physical or mental condition if during this time (a) your physical condition limited your activities to such an extent that you could not complete and sign an application; or (b) you were mentally incompetent." 20 C.F.R. § 404.322. *See Tingus v. Heckler, supra.*

---

**1.** Her past relevant jobs included working in the tobacco industry and in a hair net factory. These jobs only required that the claimant place tobacco leaves according to size in separate boxes and that she place in different boxes hair nets, according to size and color. There were no skills or technical knowledge, reports, supervisory responsibilities, machines, tools or equipment of any kind required (Tr. 12).

The ALJ's decision concluded that plaintiff's disability had ceased by July 3, 1967 (Tr. 12). By this time the claimant could perform unskilled work at all exertional levels, including her past relevant jobs. Considering the ALJ's finding and plaintiff having the residual functional capacity to perform work in the national economy, this Court finds that plaintiff could not have been simultaneously incapable of filing an application within the twelve months from the date her disability ended. Furthermore, the record has no evidence that plaintiff was mentally incompetent or physically unable to file the application within the required twelve-month period, and plaintiff has never alleged an inability to timely file. Accordingly, there is no basis for applying the provisions of 20 C.F.R. § 404.322, the regulation permitting filing of an application within 36 months after her disability ceased.

WHEREFORE, in view of the applicable law and jurisprudence, the magistrate's report and recommendation is hereby REJECTED, and the Secretary's final determination is hereby AFFIRMED.

IT IS SO ORDERED.