**John W. FLETCHER, III, Plaintiff,**

**v.**

**Shirley S. CHATER, Commissioner of Social Security,[1] Defendant.**

**Civil Action No. 95–2012–GTV.**

United States District Court,
D. Kansas.

Feb. 5, 1996.

---

1. Pursuant to P.L. No. 103–296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995. Shirley S. Chater, Commissioner of Social Security, has been substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action, pursuant to Fed.R.Civ.P. 25(d). Although the court has substituted the Commissioner for the Secretary in the caption, in the text reference will continue to be made to the Secretary because she was the appropriate party at the time of the underlying actions.

Robert D. Linscott, Jennings, Linscott & Cutter, Kansas City, MO, for plaintiff.

Janice M. Karlin, Office of United States Attorney, Kansas City, KS, for defendant.

## *MEMORANDUM AND ORDER*

VAN BEBBER, Chief Judge.

This action is brought pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Secretary of Health and Human Services ("Secretary") denying plaintiff's applications for disability benefits under the Social Security Act (the "Act"). Plaintiff has filed a motion for judgment (Doc. 8), which seeks an order reversing the Secretary's decision. Defendant has filed a brief in opposition to plaintiff's motion (Doc. 11).[2] For the reasons set forth below, the decision of the Secretary is reversed.

### I. Procedural Background

On June 23, 1992, plaintiff filed an application for disability benefits under Title II of the Act, 42 U.S.C. §§ 401 *et seq.* Plaintiff sought disability insurance benefits for a period of disability commencing November 27, 1987, through March 24, 1991. The applica-

tion was denied initially and on reconsideration.

On November 4, 1993, an administrative hearing at which plaintiff was not represented by counsel was held before an administrative law judge ("ALJ"). On January 13, 1994, the ALJ rendered a decision in which he determined that plaintiff was under a disability as defined by the Social Security Act for the closed period between November 27, 1987 to March 14, 1991. The ALJ acknowledged that the regulations provide that a claimant is not entitled to cash benefits for periods of disability which ends more than one year prior to the filing of an application for benefits. The ALJ made no finding whether plaintiff was entitled to cash benefits because that determination is reserved to the Administration. Plaintiff appealed the ALJ's decision. On November 25, 1987, the Appeals Council adopted the ALJ's finding that plaintiff was disabled during the closed period, but denied plaintiff's request for benefits because of his failure to file within 12 months of the end of his disability. The decision of the Appeals Council stands as the final decision of the Secretary.

### II. Standard of Review

The Secretary's determination is binding on this court if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Dixon v. Heckler,* 811 F.2d 506, 508 (10th Cir.1987). The court's review is to determine "whether the record as a whole contains substantial evidence to support the Secretary's decision and whether the Secretary applied the proper legal standards." *Castellano v. Secretary of Health and Human Services,* 26 F.3d 1027, 1028 (10th Cir.1994). While "more than a mere scintilla," substantial evidence is only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

**2.** The Tenth Circuit, in *Olenhouse v. Commodity Credit Corp.,* 42 F.3d 1560, 1579 n. 29 (10th Cir.1994), disapproved of the motion practice followed in this district pursuant to D.Kan. Rule 503. D.Kan. Rule 83.7 revised Rule 503 to comply with the ruling in *Olenhouse.* For purposes

of the present appeal, the court attaches no legal significance to the titles that appear on these motions and instead will, as it has always done, follow the well-established standard of review for Social Security appeals and will rely only on the evidence found within the administrative record.

### III. Summary of Facts

Plaintiff was born on August 16, 1963. On November 25, 1987, plaintiff was involved in a motor vehicle accident in which he sustained serious injuries to his head, face, and legs. Plaintiff underwent a series of operations to repair these injuries. At the time of the accident, plaintiff was a senior at the University of Kansas. Following the accident, plaintiff had no successful work attempts until March 24, 1991, when he started a temporary job as a clerk with the Internal Revenue Service. He worked at the IRS until June 24, 1991. Plaintiff then worked as a computer operator for the United States Department of Agriculture from August 19, 1991 until 1993.

### IV. Analysis

There is no dispute that plaintiff was disabled for the closed period from November 25, 1987 to March 24, 1991, and would have been eligible for benefits but for his failure to file within 12 months after his disability ended. The only issue facing the court is whether plaintiff satisfies an exception to the 12–month application deadline.

■ Plaintiff claims that he was prevented from filing an application for disability benefits within the prescribed period because of a physical or mental impairment. Pursuant to 42 U.S.C. § 416(i)(2)(F)(i), an application for disability benefits which is filed more than 12 months after the end of the disability period shall be accepted for 36 months if the failure to file "was attributable to a physical or mental condition [of the claimant] which rendered him incapable of executing such an application." The applicable regulations provide:

> If because of a physical or mental condition you did not apply for a period of disability within 12 months after your period of disability ended, you may apply not more than 36 months after the month in which your disability ended. Your failure to apply within the 12–month time period will be considered due to a physical or mental condition if during this time—
>
> (a) Your physical condition limited your activities to such an extent that you could not complete and sign an application; or

(b) You were mentally incompetent. 20 C.F.R. § 404.322.

Plaintiff was not represented by counsel at the hearing before the ALJ and did not raise the applicability of the statute extending the time to file. Plaintiff obtained counsel following the decision of the ALJ. Plaintiff's counsel argued in a letter to the Appeals Council that plaintiff was entitled to the extension of time to file due to his physical and mental impairments. In addition, plaintiff submitted a letter from his physician. The physician stated that as a result of the head injury plaintiff sustained in the auto accident, plaintiff had residual cognitive deficits including short term memory, attention span, and failure to follow through with instructions.

The Appeals Council received the letters on November 1, 1994. In the November 7, 1994, decision, the Appeals Council stated that it had not received a response to its notice granting review. Thus, it does not appear that the Appeals Council considered plaintiff's additional submissions.

Defendant argues that the decision to deny benefits to plaintiff is supported by substantial evidence. Defendant contends that plaintiff could not have been incapable of filing an application within 12 months after his period of disability ended and at the same time also be engaged in full-time employment at a substantial gainful activity level.

Plaintiff contends that he has established that he suffered from physical and mental impairments which delayed the filing of his claim. At the hearing, plaintiff testified that he did not "come back to reality" until sometime in 1992. Plaintiff's mother testified that her son did not recover his comprehension skills until he began working for the Department of Agriculture in August 1991.

Remarkably, the court has located only two cases which discuss the applicability of 42 U.S.C. § 416(i)(2)(F)(i) and 20 C.F.R. § 404.322. *See Colon v. Secretary of Health & Human Servs.*, 788 F.Supp. 671 (D.P.R. 1992); *Tingus v. Heckler*, 569 F.Supp. 1499 (1983). In *Colon*, 788 F.Supp. at 673, the court found that the ALJ's determination that plaintiff retained the residual functional capacity to perform work in the national

economy was inconsistent with her inability to file and application within 12 months of the end of her disability. This is the interpretation that defendant urges the court to follow.

In *Tingus,* the Secretary made a similar attempt to invoke a narrow interpretation of the statute. The Secretary argued that mental condition should be interpreted to mean a mental impairment that causes disability. In rejecting the interpretation, the *Tingus* court reasoned:

> The Secretary's reading is so narrow, however, that if it were adopted, no one would qualify for the extension. The extension provision comes into play only after a claimant's disability has ended, because the 12–month application period does not start running until the disability period closes. The claimant with a disabling mental impairment has no need for the extension provision. Under the Secretary's reading, though, only a claimant with a disabling mental impairment may utilize the extension provision. A statutory amendment clearly intended to provide extra protection for eligibility under a remedial statute cannot possibly be read so narrowly.
>
> A reasonable construction of the statue requires that the extension be available to those whose lack of mental capacity causes them to fail to file an application within the 12–month initial period.

*Id.* at 1502–03. The court concluded that the plaintiff was eligible for the extension of time to file because he was a non-English speaking, illiterate immigrant who was incapable of understanding the need to file within 12 months of the end of his disability.

■ The court is persuaded that the *Tingus* court's interpretation of the statute is sound. Equating mental and physical impairment as used in § 416(i)(2)(F)(i) with the inability to perform substantial gainful activity renders the extension of time to file a claim meaningless. The purpose of the Social Security Act is to ameliorate some of the rigors of life for those who are disabled or impoverished. *Dvorak v. Celebrezze,* 345 F.2d 894, 897 (10th Cir.1965). A more liberal interpretation furthers this purpose. *Id.*

■ Plaintiff contends that the ALJ failed to probe the nature and extent of his mental impairments during the 12–month period following the end of his disability. The court agrees. "Although a claimant has the burden of providing medical evidence proving disability, the ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues." *Baca v. Department of Health & Human Servs.,* 5 F.3d 476, 479–80 (10th Cir.1993) (citations omitted). This duty is heightened in a case in which the claimant is unrepresented by counsel. *Musgrave v. Sullivan,* 966 F.2d 1371, 1374 (10th Cir.1992).

■ Here, the plaintiff has presented evidence that although he returned to work, he suffered residual memory loss and decreased cognitive skills until late August 1991 or sometime in 1992. The ALJ did not question plaintiff's credibility. The ALJ failed, however, to further probe the nature of plaintiff's continuing problems and whether he should benefit from an extension of time to file his claim under § 416(i)(2)(F)(i). Further, the record does not indicate that the Appeals Council considered whether plaintiff suffered from a mental or physical impairment that delayed the filing of his claim beyond the 12–month application period.

## V. Conclusion

The court concludes that in the absence of more specific information regarding the plaintiff's condition from March 24, 1991, to March 24, 1992, the Secretary's conclusion that plaintiff is not entitled to cash benefits is not supported by substantial evidence. The decision of the Secretary is therefore reversed. The case is remanded to the Commissioner of Social Security to evaluate plaintiff's assertion that mental and physical impairments prevented him from filing his application for benefits within the 12–month application period in light of the court's discussion of 42 U.S.C. § 416(i)(2)(F)(i) and 20 C.F.R. § 404.322.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion for judgment (Doc. 8) is granted to the extent that the decision of the Secretary is reversed and the case is remanded to the Commissioner of

Social Security for further proceedings consistent with this order.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**